NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HERBERT GOSS, Jr., | No. 20-15978 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-06832-JSC |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Submitted November 17, 2021[**]
San Francisco, California

Before: THOMAS, Chief Judge, McKEOWN, Circuit Judge, and MOLLOY,[***] District Judge.

Herbert Goss, Jr. appeals the district court's order affirming the decision of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

an administrative law judge ("ALJ") denying him disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. We review de novo the district court's decision "and reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014) (citation omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Id.* at 1159–60 (citation omitted). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The ALJ did not err in giving little weight to the sit, stand, walk, and manipulative limitations offered in the medical opinion dated November 19, 2014. Like the ALJ and the district court, we assume this opinion was issued by Goss's treating physician, although the record is far from clear. However, the restrictive limitations in the opinion conflict with the views of three other physicians, including an examining physician. "When confronted with conflicting medical opinions, an ALJ need not accept a treating physician's opinion that is conclusory and brief and unsupported by clinical findings." *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). Here, the ALJ identified "specific and legitimate reasons," *id.* (citation omitted), for partially discounting the November 19, 2014 opinion, noting that the above referenced limitations were both overly restrictive

and not linked to any objective evidence. Substantial evidence supports the ALJ's reasoning on this point.

The ALJ offered specific, clear, and convincing reasons for discrediting Goss's testimony as to the intensity, persistence, and limiting effects of his diabetes and left shoulder injury. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ noted that Goss's diabetes is stable when he takes his medication and that past examinations have shown his diabetes is not associated with fatigue, pain, weight gain, or a limp. The ALJ further noted that Goss's doctors consistently report he suffers from only moderate limitations to his left arm's range of motion. Finally, the ALJ noted that Goss's frequent use of a bicycle was inconsistent with his testimony as to the severity of his limitations. *See id.* at 1040 (stating ALJ may, when assessing claimant's testimony, consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms"). The ALJ's conclusion that the objective evidence partially contradicted Goss's testimony is adequately supported by the record and, as such, we will not "second-guess that decision." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (citation omitted).

The ALJ did not err at step five of the sequential evaluative process. The overarching question at step five is "whether substantial gainful work exists in the national economy for the claimant despite his impairment"; if so, "the claimant is

3

considered 'not disabled.'" *Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000)

(quoting 42 U.S.C. § 423(d)(2)(A)).  As we have previously explained:

> To determine if substantial gainful work exists for the claimant, the ALJ uses [the] Medical–Vocational Guidelines ("grids") to consider claimants with substantially uniform levels of impairment.  When the grids do not completely describe the claimant's abilities and limitations . . . the grids are inapplicable and the ALJ must take the testimony of a [Vocational Expert ("VE")].

*Id.* (citations omitted).  It is immaterial whether Goss's residual functional capacity

("RFC") was closer to the definition of light work or sedentary work.  Because

Goss's RFC fell "between two grids," *id.* at 870, the grids were inapplicable and

the ALJ was required to consult with a VE to determine whether substantial gainful

work existed for Goss.  The ALJ did precisely that and, based on the VE's

testimony, concluded that Goss was not disabled.  This finding is supported by

substantial evidence.

**AFFIRMED.**